UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

    Shanta Kumari,

                  Debtor.
------------------------------------------------------------------X

Chapter 13

Case No. 18-40130-CEC

## DECISION ON DEBTOR'S OBJECTION TO SECURED CREDITOR'S CLAIM

APPEARANCES:

| | |
|---|---|
| Robert J. Spence, Esq. | Andrew P. Lederman, Esq. |
| Spence Law Office, P.C. | Wilk Auslander LLP |
| 55 Lumber Road, Suite 5 | 1515 Broadway, 43rd Floor |
| Roslyn, NY 11576 | New York, New York 10036 |
| Counsel for Debtor | Counsel for Baron Associates |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the objection of Shanta Kumari (the "Debtor") to attorneys' fees sought by Baron Associates LLP ("Baron"), the Debtor's secured creditor, in its proof of claim. The Debtor argues that Baron is limited to the attorneys' fees awarded by the New York Supreme Court in a foreclosure action. For the following reasons, the Debtor's objection is overruled, and Baron is entitled to reasonable attorneys' fees and costs pursuant to 11 U.S.C. § 506(b).

## JURISDICTION

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), 28 U.S.C. § 1334, and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012.

## BACKGROUND

The following facts are undisputed or are matters of which judicial notice may be taken.

On January 1, 2018, the Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code.

On February 27, 2018, Baron filed claim No. 2 in the amount of $464,689.42, based upon a judgment of foreclosure and sale (the "Foreclosure Judgment") issued by New York State Supreme Court, King County (the "State Court") on April 15, 2014. (Claim No. 2). The Foreclosure Judgment is based upon mortgage dated October 6, 2018 between Baron, as mortgagee, and the Debtor and others, as mortgagors (the "Mortgage"). Baron's claim is secured by the Debtor's real property located at 225 79th Street, Brooklyn, NY 11209.

On April 18, 2018, the Debtor filed an objection to Baron's claim (the "Claim Objection"), arguing that the claim should be expunged or reduced to $235,000, pursuant to a settlement executed in 2015 between the Debtor, co-mortgagors, and Baron. (ECF No. 20-1.)

The Debtor further argued that New York's merger doctrine bars Baron from seeking attorneys' fees in excess of the $5,500 granted in the Foreclosure Judgment. (ECF No. 20-1.)

Baron opposed the Claim Objection, arguing that res judicata barred the Debtor's argument that Baron's claim should be limited to $235,000, because that argument was either raised and rejected by the State Court in motions by the Debtor to vacate the Foreclosure Judgment, or should have been raised in those State Court proceedings. Baron further argues that it is entitled to post-judgment attorneys' fees under the terms of the Mortgage.

A hearing was held on May 22, 2018, at which the Court, based upon res judicata, overruled the Claim Objection to the extent it sought to limit Baron's claim to $235,000. (Tr. at 11-12, 14.)[1] The Court permitted the parties to file supplemental briefing on the issue of post-judgment attorney fees.

On June 4, 2018, Baron filed an amended claim of $523,081.61, consisting of $473,109.99 based upon the Foreclosure Judgment (including $5,500 of attorneys' fees), and additional attorneys' fees of $49,971.62. On June 5, 2018, Baron filed its brief in support of post-judgment fees, and on June 12, 2018, the Debtor filed her brief in response.

## DISCUSSION

Section 506(b) provides that an oversecured creditor is entitled to interest "and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." 11 U.S.C.A. § 506(b). The Debtor argues that Baron is not entitled to additional, post-judgment attorneys' fees because, under New York law, the Mortgage did not survive the entry of the Foreclosure Judgment.[2]

---

[1] "Tr." refers to the transcript of the hearing held on May 22, 2018 (ECF No. 30).
[2] The Debtor appears to concede that Baron is oversecured.

"The general rule under New York and federal law is that a debt created by contract merges with a judgment entered on that contract, so that the contract debt is extinguished and only the judgment debt survives." Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 102 (2d Cir. 2004). However, this rule is different in the context of a mortgage and a foreclosure judgment. Under New York law, a foreclosed mortgage does not merge into the foreclosure judgment until the foreclosure sale takes place. In re Galasso, 249 B.R. 54, 55 (S.D.N.Y. 2000); In re Acevedo, 26 B.R. 994, 997 (E.D.N.Y. 1982); DiPerro v. Culle (In re Taddeo), 9 B.R. 299, 306 (Bankr. E.D.N.Y. 1981), aff'd, 15 B.R. 273 (E.D.N.Y. 1981), aff'd 685 F.2d 24 (2d Cir. 1982); Laura Andrew, Inc. v. DLRA Grp., LLC, 90 N.Y.S.3d 829, 832 (N.Y. Sup. Ct. 2018). As such, the mortgage continues to exist until the property is sold. Taddeo, 9 B.R. at 306. It is for this reason that chapter 13 debtors may cure arrears and reinstate a mortgage under § 1322(b)(5), and routinely file plans to take advantage of this provision. Acevedo, 26 B.R. at 997; Taddeo, 9 B.R. at 306.

In this case, the Foreclosure Judgment was issued on April 15, 2014, but the foreclosure sale has not taken place yet. As such, the Mortgage still exists under New York law, and Baron is entitled to seek reasonable attorneys' fees under § 506(b) if the mortgage so provides. See In re Sun 'N Fun Waterpark LLC, 408 B.R. 361, 369-70 (10th Cir. BAP 2009) (permitting secured creditor to recover attorneys' fees under § 506(b) because, under applicable Oklahoma law, a mortgage is extinguished by the sale of a property, and not by entry of a judgment of foreclosure). This conclusion is consistent with decisions granting oversecured creditors post-judgment reasonable attorneys' fees under § 506(b) if the underlying mortgage permits. See e.g., In re Lorick, Case No. 16-45645-NHL, 2018 WL 3854139, at *3-5 (Bankr. E.D.N.Y. Aug. 9, 2018).

In support of her argument, the Debtor cites to In re Koloch, 416 B.R. 375 (Bankr. E.D.N.Y. 2009), which limited the secured creditor's attorneys' fees to those provided in the judgment of foreclosure. Koloch determined that "[i]n order to collect amounts beyond the amounts allowed in the Judgment of Foreclosure, the mortgage documents must contain specific language allowing the clause to survive the mortgage merger in the judgment of foreclosure." Koloch, 416 B.R. at 380. Koloch cited to In re Lehal Realty Associates, 112 B.R. 588 (Bankr. S.D.N.Y. 1990) for support of that conclusion, Koloch, 416 B.R. at 380, but that reliance is misplaced. Lehal Realty did not discuss New York's merger doctrine, or whether a mortgagee may seek an award of attorneys' fees under § 506(b) after a judgment of foreclosure is entered, rather, it concluded that, based upon res judicata, the applicable interest rate under § 506(b) is the statutory interest rate. Lehal Realty, 112 B.R. at 589.

Although Koloch is correct that parties to contract may agree that a specific provision in a mortgage survives judgment, it must be concluded a mortgagee may also seek an award of post-judgment fees and costs under § 506(b) if the mortgage has not been extinguished under New York law, i.e. if the foreclosure sale has not taken place, and if the mortgage provides for an award of fees and costs, or if the award is not otherwise barred by res judicata (as would be the case, for example, if a court of competent jurisdiction has already rejected the mortgagee's claim for fees). In this case, the Mortgage has not been extinguished, and the Foreclosure Judgment did not address Baron's post-judgment attorneys' fees. See Beacon Fed. Sav. & Loan Ass'n v. Marks, 97 A.D.2d 451, 451 (N.Y. App. Div. 1983) ("In view of the fact that the fees which plaintiff now seeks are for services rendered on its prior appeal to this court . . . plaintiff could not have sought or been awarded payment any earlier than the time at which such services were rendered.").

4

Given the conclusion that the Mortgage did not merge with the Foreclosure Judgment, Baron may only be awarded attorneys' fees and costs if the Mortgage permits. The Debtor does not dispute that the Mortgage provides for the award of attorneys' fees.

Paragraph 12 of the Mortgage provides:

> [I]f any action or proceeding be commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees) shall be paid by the mortgagor….In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

(Mortgage ¶ 12, ECF No. 20-4.)

Paragraph 18 of the Mortgage provides:

> The Mortgagor agrees to bear all expenses, including attorneys' fees, incidental to the enforcement of any provisions herein, or to the enforcement, compromise or settlement of any of the collateral pledged hereunder, and for the curing thereof, or in defending or asserting the rights and claims of the Mortgagee in respect thereof, by litigation or otherwise, and the Mortgagor agrees to pay to the mortgagee any and all expenses incurred….

(Mortgage ¶ 18, ECF No. 20-4.)

Finally, paragraph 34 provides, in pertinent part:

> Mortgagor shall immediately pay or reimburse Mortgagee for all costs, charges and expenses, including attorney's fees and disbursements, incurred or paid by Mortgagee for the purpose of collecting any money which may be due under this Mortgage, or to recover the mortgaged premises, or to protect its interests therein, or in connection with any pending or completed action, appeal, proceeding or dispute in which Mortgagee is made a party or appears as a party plaintiff or party defendant and which affects or might affect the Guaranty, this Mortgage or any other instrument securing the Guaranty, or the mortgaged premises or any part

5

> thereof, or the interests of Mortgagor or Mortgagee therein, including, but not limited to, the foreclosure of this Mortgage, condemnation involving all or part of the mortgaged premises or any action to protect the security hereof.

(Mortgage ¶ 34, ECF No. 20-4.)

It must be noted that, to the extent <u>Koloch</u> holds that a mortgagee may recover post-judgment fees if the mortgage provision contains language that survives foreclosure, paragraph 34 of the Mortgage satisfies that requirement, because it clearly contemplates an award of attorneys' fees in post-judgment proceedings, such as appeals.

The Debtor did not challenge the reasonableness of Baron's fees in the Claim Objection, which was filed before Baron filed its amended proof of claim seeking significantly higher attorneys' fees. The Debtor is therefore entitled to sufficient time to review the amended proof of claim and the time records annexed thereto, and to challenge the reasonableness of any post-judgment attorneys' fees and costs. While the time records cover pre-judgment and post-judgment time period, it is clear that, under principles of res judicata, Baron's pre-judgment attorneys' fees are limited to $5,500 as awarded by the Foreclosure Judgment.

The Debtor argued in her Supplemental Reply that Baron's amended proof of claim should not be allowed because it was filed after the chapter 13 bar date. (ECF No. 27.) Baron is entitled to an opportunity to respond to this argument.

## CONCLUSION

For these reasons, the Debtor's objection to Baron's claim for post-judgment attorneys' fees is overruled, without prejudice to the Debtor's right to challenge the reasonableness of those fees. The Debtor's remaining objections to Baron's claim are overruled because they are barred by the entry of the Foreclosure Judgment, as explained on the record at the hearing held on May 22, 2018. A separate order will issue.



**Dated: Brooklyn, New York**
**March 27, 2019**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**